IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REED JOSEPH ROGALA,

                OPINION AND ORDER

       Petitioner,

                13-cv-90-bbc

  v.              08-cr-84-bbc

THE UNITED STATES OF AMERICA,

       Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Reed Joseph Rogala has filed a motion for a writ of habeas corpus under 28 U.S.C. § 2241. He is "seeking specific relief" from this court's judgment, imposing a sentence of 151 months of imprisonment and payment of a fine in the amount of $100,000. Petitioner says that the court applied U.S.S.G. § 5E1.2(a) improperly when it determined his fine by failing to consider all the relevant facts and evidence bearing on the calculation of the fine.

This is not the first time that petitioner has challenged his fine. Since July 15, 2011, he has filed five motions under Fed. R. Crim. P. 36 to that effect, three of which have been treated as motions to reconsideration, as well as two appeals. His first motion and two succeeding motions for reconsideration included a challenge to a condition of his supervised release. The Court of Appeals for the Seventh Circuit granted his appeal from the denial of those motions, holding that the court had erred in imposing a condition requiring defendant

1

to abstain from all use of alcohol rather than one requiring him to abstain from the excessive use of alcohol. In addition, it held that although a sentencing court has limited jurisdiction under 18 U.S.C. § 3572(c) to alter the amount of a fine, it may modify the schedule for the payment of the fine. United States v. Rogala, No. 11-3698 (July 30, 2012). The case was remanded to this court to correct the condition of supervised release relating to use of alcohol and to consider whether the payment schedule should be modified. On remand I corrected the condition of supervised release, considered but rejected modifying the amount of petitioner's monthly payments toward his fine and extended the time in which he was to make his first payment to 60 days after his release from 30 days. Dkt. #69. The amended judgment and commitment order was amended again. Dkt. #69.

On September 4, 2012, petitioner moved for reconsideration of the second amended judgment and commitment; his motion was denied on September 18, 2012, insofar as it related to his request for a reduction of his monthly fine because he had shown no good reasons for reducing the size of the payments in advance of his release from prison. Dkt. #71. Petitioner moved for reconsideration of this order on September 21, 2012, dkt. #72. When this motion was denied, he filed a notice of appeal. Dkt. #74.

The court of appeals denied petitioner's second appeal of his fine, dkt. #81, United States v. Rogala, No. 12-3238 (Jan. 10, 2013). It reiterated the comments it made in its earlier order that a sentencing court does not have authority to change a fine that has been imposed except in limited circumstances that did not exist in petitioner's case. (Under § 3572 a judgment that imposes a sentence to pay a fine is a final judgment for all purposes

2

unless it is (1) modified or remitted under 18 U.S.C. § 3573; (2) corrected under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742; or (3) modified on appeal under § 3742.) It rejected petitioner's claim that the sentencing court always has authority to change the amount of a fine because of its authority to correct clerical errors, explaining that Rule 36 applies to clerical errors but not to judicial mistakes. It added that the rule "does not provide authority for the district court to change a sentence it imposed even if that sentence was erroneous." Id. at 2.

On February 26, 2013, petitioner filed this motion for habeas corpus relief under 28 U.S.C. § 2241, dkt. #1 (case no. 13-cv-9-bbc). Petitioner is not entitled to relief under this statute, so his motion must be denied. Section 2255 bars a prisoner from seeking habeas corpus if he is authorized to apply for relief under § 2255 unless he can prove that that section is "inadequate or ineffective to test the legality of his detention." § 2255(e); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998). Petitioner has made no attempt to show that § 2255 was not adequate to provide him a full opportunity to appeal his fine. He did not take advantage of the opportunity to file a post conviction motion under that statute (or a direct appeal, for that matter), but this fact does not mean that the remedy was inadequate. It is the *opportunity* to file that matters. Id. at 609 ("The essential function [of § 2255] is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." (citing Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).

The only way that any petitioner could proceed at this point under 28 U.S.C. § 2241,

is to show (1) that he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after he filed his first post conviction motion; (2) his challenge involves a change in the law that has been made retroactive by the United States Supreme Court; (3) the change eludes permission for successive post conviction motions under the Antiterrorism and Effective Death Penalty Act of 1996; and (4) the "change in law" does not refer to a change in law between circuit in which the defendant was sentenced and the circuit in which he is confined. Id., 147 F.3d at 611-12. Petitioner cannot meet even the first requirement because he has not shown that he did not have a reasonable opportunity to obtain correction of what he thinks is a fundamental defect in his sentence and he has not identified any change in the law occurring after his sentencing that affects his fine. Accordingly, his § 2241 motion must be denied.

It appears from 28 U.S.C. § 2253(c)(1) that petitioner does not need a certificate of appealability in order to appeal the denial of his § 2241 motion. Section 2253(c)(1) says that without a certificate of appealability, no appeal may be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or from the final order in a § 2255 proceeding. The statute says nothing about § 2241 proceedings, but a statement in Behr v. Ramsey, 230 F.3d 268, 270 (7th Cir. 2000) ("no certificate of appealability is required in *proper* § 2241 cases like this one") (emphasis added), suggests that such a certificate might be required if the case is not a proper § 2241 action or if the circumstances are unlike those in Behr. Behr was contesting a warrant issued by the Governor of Illinois in response to Kentucky's request for Behr's

4

extradition. The Court of Appeals for the Seventh Circuit held that a certificate of appealability was not required. In a later case, Evans v. Circuit Court of Cook County, Ill., 569 F.3d 665 (7th Cir. 2009), it explained that when it referred in Behr to "cases like this," it did not mean "all proper § 2241 cases," but cases in which "the custody stemmed from process issued by the executive rather than the judicial branch of the state." Id. at 666.

Petitioner's claim is not against the executive branch, so it is not like Behr. On the other hand, it would be fair to characterize it as an untimely § 2255 motion poorly disguised as a § 2241 motion because it is an effort to attack the sentence imposed on him by this court. For that reason, I will take up the question of the certificate of appealability.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, defendant has not made the necessary showing, so no certificate will issue.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one.

ORDER

IT IS ORDERED that petitioner Reed Joseph Ragala's motion for post conviction relief under 28 U.S.C. § 2241 is DENIED. No certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22. If defendant files any more motions relating to his fine, the clerk of court should send the documents to chambers without docketing them. If it appears from the documents that petitioner has some kind of valid claim, the documents will be returned to the clerk for docketing. If not, they will be retained in chambers.

Entered this 26th day of March, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge